Louis S. Ederer
louis.ederer@arnoldporter.com
Matthew T. Salzmann
matthew.salzmann@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York  10019
Phone (212) 836-8000
Fax (212) 836-8689

*Attorneys for Plaintiff*
*Louis Vuitton Malletier, S.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

|  |  |  |
|---|---|---|
| LOUIS VUITTON MALLETIER, S.A., | : | Civil Action No. |
|  | : |  |
| Plaintiff, | : | **COMPLAINT** |
|  | : |  |
| - against - | : |  |
|  | : |  |
| I-FE APPAREL, INC. d/b/a PJ MARK CORP., | : |  |
| YONGUN JUNG, XYZ COMPANIES 1-10 | : |  |
| and JOHN DOES 1-10, inclusive, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

-------------------------------------------------------- x

Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton"), by and through its undersigned

counsel, complains and alleges against defendants i-Fe Apparel, Inc. d/b/a PJ Mark Corp. ("i-Fe

Apparel"), Yongun Jung ("Jung"), XYZ Companies 1-10 and John Does 1-10 (collectively,

"Defendants") as follows:

## NATURE OF THE ACTION

1.      Louis Vuitton brings this action for injunctive relief and damages arising from

Defendants' willful and intentional acts of trademark counterfeiting and/or infringement, false

designation of origin, dilution and unfair competition, in violation of the laws of the United

States and the statutory and common law of the State of New York.

2.     In particular, this case concerns Defendants' willful and deliberate counterfeiting and/or infringement of certain of Louis Vuitton's most distinctive and popular design trademarks used in connection with the world famous LOUIS VUITTON brand.  After Louis Vuitton expended extensive resources designing, developing, promoting and selling apparel products featuring such marks, and long after consumers had come to recognize such marks and associate them exclusively with Louis Vuitton, Defendants introduced apparel products with virtually identical marks and/or designs.  Defendants undertook this conduct in bad faith, and without Louis Vuitton's consent, with the deliberate intent to improperly trade off and reap the benefits of the extensive goodwill associated with the LOUIS VUITTON brand, and Louis Vuitton's world famous design marks.

## THE PARTIES

3.     Plaintiff Louis Vuitton is a *société anonyme* duly organized and existing under the laws of the Republic of France, with its principal place of business in Paris, France, and operates as a subsidiary of LVMH Moët Hennessy Louis Vuitton, S.A.  Louis Vuitton is a world famous luxury goods company, and is the sole and exclusive distributor of goods bearing the Louis Vuitton trademarks in the United States.  Specifically, Louis Vuitton is engaged, *inter alia*, in the design, manufacture, distribution and sale in interstate and foreign commerce, including within this judicial district, of prestigious high quality, luxury merchandise, including, without limitation, apparel, handbags, luggage, shoes, eyewear, jewelry, watches and other fashion accessories.

4.     Upon information and belief, defendant i-Fe Apparel is a corporation organized and existing under the laws of the State of New Jersey, and maintains a place of business at 147 West 35th Street, New York, New York 10001.  Upon further information and belief, i-Fe

Apparel is engaged, *inter alia*, in the manufacture, importation, distribution, advertisement, promotion and sale of apparel products within the State of New York and this judicial district.

5. Upon information and belief, defendant Jung is an individual who is and was at all relevant time a resident of the State of New Jersey. Upon further information and belief, Jung is the President of i-Fe Apparel, and is the moving, active, conscious force directing i-Fe Apparel's wrongful acts, and is personally responsible and liable for the wrongful acts of i-Fe Apparel, as described herein.

6. Upon information and belief, i-Fe Apparel and Jung are engaged in the alleged unlawful acts in conjunction with various entities and individuals, denoted herein as XYZ Companies 1-10 and John Does 1-10, whose identities are not presently known. If the identities of these parties become known, Louis Vuitton will amend the Complaint to include the names of such entities and/or individuals.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Louis Vuitton's federal trademark counterfeiting and infringement, false designation of origin, and trademark dilution claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338.

8. This Court has subject matter jurisdiction over Louis Vuitton's claims that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because such claims are related to and arise from the same set of facts as Louis Vuitton's federal claims.

9. This Court has personal jurisdiction over Defendants because i-Fe Apparel maintains a place of business within this judicial district, and each Defendant regularly conducts business within this judicial district, and the complained-of acts occurred in this judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a), because Defendants are subject to personal jurisdiction within this

judicial district, and because a substantial part of the events giving rise to Louis Vuitton's claims occurred within this judicial district.

## FACTUAL BACKGROUND

11.     Founded in Paris in 1854, Louis Vuitton is one of the premier luxury fashion houses in the world.  Originally known for its custom-made luggage and trunks, today Louis Vuitton is well known for its high quality apparel, handbags, luggage, eyewear, jewelry, watches and many other fashion and luxury goods.

12.     In order to protect and maintain the prestigious image of the brand, LOUIS VUITTON products are sold exclusively through company-owned and operated boutiques, some of which are located within high-end retail stores such as Neiman Marcus and Saks Fifth Avenue, and through the Louis Vuitton website at http://us.louisvuitton.com.

13.     Louis Vuitton is the owner of numerous famous federally-registered trademarks, including the Toile Monogram design mark (the "TOILE MONOGRAM Design Trademark"), the "LV" design mark (the "LV Design Trademark"), and the Flower design marks (the "FLOWER Design Trademarks") (collectively, the "Louis Vuitton Trademarks"), which are registered for use in conjunction with a variety of goods, including, *inter alia*, apparel.

14.     The table below lists the U.S. registration certificates that the U.S. Patent and Trademark Office has issued to Louis Vuitton for the Louis Vuitton Trademarks in Class 25 for clothing and apparel, true and correct copies of which are attached hereto as **Exhibit A**:

| Mark | Reg. No. | Reg. Date | Class & Goods |
|---|---|---|---|
| *The TOILE MONOGRAM Design Trademark* | | | |
|  | 4,192,541 | 08/21/2012 | *Inter alia*, IC 025: Clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear |

| Mark | Reg. No. | Reg. Date | Class & Goods |
|------|----------|-----------|---------------|
|  | 3,107,072 | 06/20/2006 | *Inter alia*, IC 025: Clothing and undergarments, namely, belts, scarves, shawls, jackets, sashes for wear, bathing suits, shoes, boots |
|  | 2,399,161 | 10/31/2000 | IC 025: Clothing and underwear, namely, shirts, polo shirts, t-shirts, waistcoats, raincoats, skirts, coats, trousers, dresses, jackets, shawls, stoles, scarves, neckties, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats |
|  | 1,770131 | 05/11/1993 | IC 025: Clothing for men and women, namely, shawls, sashes, scarves; headgear |
| ***The LV Design Trademark*** | | | |
|  | 1,794,905 | 09/28/1993 | *Inter alia*, IC 025: Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear |
|  | 2,361,695 | 06/27/2000 | IC 025: Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats |
| ***The FLOWER Design Trademarks*** | | | |
|  | 2,181,753 | 08/18/1998 | *Inter alia*, IC 025: Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots and sandals |
|  | 2,773,107 | 10/14/2003 | *Inter alia*, IC 025: Clothing, namely, shirts, T-shirts, belts, scarves, neck ties, shawls, skirts, raincoats, overcoats, trousers, jeans, pullovers, frocks, high-heeled shoes, low-heeled shoes, boots, tennis shoes; hats |
|  | 2,177,828 | 08/04/1998 | *Inter alia*, IC 025: Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots and sandals |

15.     The Louis Vuitton Trademarks are in full force and effect, and each has become incontestable pursuant to 15 U.S.C. § 1065.

16.     The U.S. registration certificates for the Louis Vuitton Trademarks that are attached hereto as **Exhibit A** constitute *prima facie* evidence of their validity and conclusive evidence of Louis Vuitton's exclusive right to use the Louis Vuitton Trademarks in connection with the goods identified therein, and constitute sufficient notice to Defendants of Louis Vuitton's ownership and exclusive rights in and to the Louis Vuitton Trademarks pursuant to 15 U.S.C. § 1115(a).

17.     While Louis Vuitton's use of the Louis Vuitton Trademarks is extensive, a few examples of Louis Vuitton's current use of the Louis Vuitton Trademarks on apparel products appear below:



*Fragment Hawiian Shirt*          *All Over Tweed Monogram Polo*          *Cotton Velour Monogram Blouson*

18.     Louis Vuitton has invested millions of dollars and decades of time and effort to create consumer recognition in the Louis Vuitton Trademarks and to ensure that the public, not only in the United States but throughout the world, associates the Louis Vuitton Trademarks with high quality, luxury goods emanating exclusively from Louis Vuitton.

19.     As a result of the wide renown acquired by the Louis Vuitton Trademarks, Louis Vuitton's worldwide reputation for high quality, luxury goods, and the extensive sales of high quality, luxury apparel and other goods marketed and sold under the Louis Vuitton Trademarks, the Louis Vuitton Trademarks have become famous in the mind of the purchasing public within the meaning of 15 U.S.C. § 1125(c), exclusively identifying the apparel and other goods offered under the Louis Vuitton Trademarks with a single source—Louis Vuitton.  The Louis Vuitton Trademarks, and the goodwill associated therewith, are of inestimable value to Louis Vuitton.

## DEFENDANTS' COUNTERFEITING AND INFRINGING ACTIVITIES

20.     i-Fe Apparel is a manufacturer and wholesaler of apparel products.

21.     i-Fe Apparel markets, promotes and sells its apparel products through its New York City showroom, various industry trade shows, its website located at https://www.pjmark.com/ and its e-commerce wholesale storefront located at https://www.brandboom.com/pjmark.

22.     Defendants are manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or are causing to be manufactured, imported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from Louis Vuitton, apparel bearing studied imitations of the Louis Vuitton Trademarks (the "Counterfeit and/or Infringing Products").

23.     Photographs of examples of the Counterfeit and/or Infringing Products Defendants have manufactured, imported, distributed, supplied, advertised, promoted, offered for sale and/or sold appear below, and are attached hereto as **Exhibit B**:

*Fall / Winter 2017 Catalog Excerpt*



*Spring /Summer 2018 Catalog Excerpt*





  







24.     Rather than going to the effort and expense of developing and creating their own unique, source-identifying marks and designs, Defendants deliberately, knowingly and faithfully copied the Louis Vuitton Trademarks.  As a result, the Counterfeit and/or Infringing Products are likely to cause consumers, either at the point-of-sale or post-sale, to believe that such products are Louis Vuitton's products, or are authorized, sponsored, approved, endorsed or licensed by Louis Vuitton, or are otherwise affiliated, associated, or connected with Louis Vuitton.

25.     The Counterfeit and/or Infringing Products are made with inferior materials, are poorly constructed, and are sold at prices far below the retail prices at which authentic LOUIS VUITTON apparel products are sold.

26.     Upon information and belief, Defendants were aware that the Louis Vuitton Trademarks were famous marks owned by Louis Vuitton at the time they began manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Products.  Accordingly, upon further information and belief, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Louis Vuitton's rights in and to the Louis Vuitton Trademarks.

27.     Upon information and belief, Defendants intend to continue to manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell, and/or cause to be manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, apparel bearing counterfeits and/or infringements of the Louis Vuitton Trademarks, including, without limitation, the Counterfeit and/or Infringing Products, unless otherwise restrained by this Court.

28.     Upon further information and belief, Defendants are distributing the Counterfeit and/or Infringing Products throughout the United States.

29.     Unless Defendants' unlawful conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the Louis Vuitton Trademarks to identify Louis Vuitton as the exclusive source of apparel bearing the Louis Vuitton Trademarks.

### FIRST CLAIM FOR RELIEF
### TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)
### (TOILE MONOGRAM Design Trademark)

30.     The allegations set forth in paragraphs 1 through 29 hereof are adopted and incorporated by reference as if fully set forth herein.

31.     Defendants have used in commerce marks that are identical to or substantially indistinguishable from the TOILE MONOGRAM Design Trademark on goods for which Louis Vuitton holds a U.S. trademark registration.  Defendants have knowingly used these spurious marks for their own personal financial gain.

32.     Louis Vuitton has not authorized Defendants' use of the TOILE MONOGRAM Design Trademark and, upon information and belief, Defendants' use of the TOILE MONOGRAM Design Trademark has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' apparel products, or as to a possible affiliation, connection or association between Louis Vuitton and Defendants.

33.     Upon information and belief, Defendants have acted with knowledge of Louis Vuitton's ownership of the TOILE MONOGRAM Design Trademark, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

34.     Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

36.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the TOILE MONOGRAM Design Trademark, unless restrained by this Court.

37.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

38.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**
**TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)**
**(LV Design Trademark)**

39.     The allegations set forth in paragraphs 1 through 38 hereof are adopted and incorporated by reference as if fully set forth herein.

40.     Defendants have used in commerce marks that are identical to or substantially indistinguishable from the LV Design Trademark on goods for which Louis Vuitton holds a U.S. trademark registration.  Defendants have knowingly used these spurious marks for their own personal financial gain.

41.     Louis Vuitton has not authorized Defendants' use of the LV Design Trademark and, upon information and belief, Defendants' use of the LV Design Trademark has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' apparel products, or as to a possible affiliation, connection or association between Louis Vuitton and Defendants.

42.     Upon information and belief, Defendants have acted with knowledge of Louis Vuitton's ownership of the LV Design Trademark, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

43.     Defendants' acts as described herein constitute willful trademark counterfeiting in

violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Upon information and belief, by their willful acts, Defendants have made and will

continue to make substantial profits and gains to which they are not in law or equity entitled.

45.     Upon information and belief, Defendants intend to continue their unlawful

conduct, and to willfully counterfeit the LV Design Trademark, unless restrained by this Court.

46.     Defendants' acts have caused, and will continue to cause, irreparable injury to

Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

47.     Defendants' egregious conduct makes this an exceptional case under Section 35

of the Lanham Act, 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)
## (FLOWER Design Trademarks)

48.     The allegations set forth in paragraphs 1 through 47 hereof are adopted and

incorporated by reference as if fully set forth herein.

49.     Defendants have used in commerce marks that are identical to or substantially

indistinguishable from the FLOWER Design Trademarks on goods for which Louis Vuitton

holds U.S. trademark registrations.  Defendants have knowingly used these spurious marks for

their own personal financial gain.

50.     Louis Vuitton has not authorized Defendants' use of the FLOWER Design

Trademarks and, upon information and belief, Defendants' use of the FLOWER Design

Trademarks has caused, is intended to cause and is likely to continue to cause confusion, mistake

and deception among the general consuming public and the trade as to the source of Defendants'

apparel products, or as to a possible affiliation, connection or association between Louis Vuitton

and Defendants.

51.     Upon information and belief, Defendants have acted with knowledge of Louis

Vuitton's ownership of the FLOWER Design Trademarks, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

52.     Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

54.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the FLOWER Design Trademarks, unless restrained by this Court.

55.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

56.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**FOURTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**
**(TOILE MONOGRAM Design Trademark)**

57.     The allegations set forth in paragraphs 1 through 56 hereof are adopted and incorporated by reference as if fully set forth herein.

58.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

59.     The TOILE MONOGRAM Design Trademark is federally registered, and is distinctive and exclusively associated in the mind of the public with Louis Vuitton.

60.     Defendants have willfully used the TOILE MONOGRAM Design Trademark without Louis Vuitton's consent or authorization.  Defendants' unauthorized use, including the promotion and sale of the Counterfeit and/or Infringing Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' apparel products emanate or originate with Louis Vuitton, that Defendants' products are Louis Vuitton products, or that Louis Vuitton has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Products.

61.     Through their unauthorized use of copies of the TOILE MONOGRAM Design Trademark, Defendants are unfairly benefiting from Louis Vuitton's advertising and promotion of the TOILE MONOGRAM Design Trademark.  This has resulted in substantial and irreparable injury to the public, Louis Vuitton, the TOILE MONOGRAM Design Trademark, and Louis Vuitton's business reputation and goodwill.

62.     Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

63.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the TOILE MONOGRAM Design Trademark, unless restrained by this Court.

64.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

65.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**FIFTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**
**(LV Design Trademark)**

66.     The allegations set forth in paragraphs 1 through 65 hereof are adopted and

incorporated by reference as if fully set forth herein.

67.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

68.     The LV Design Trademark is federally registered, and is distinctive and exclusively associated in the mind of the public with Louis Vuitton.

69.     Defendants have willfully used the LV Design Trademark without Louis Vuitton's consent or authorization.  Defendants' unauthorized use, including the promotion and sale of the Counterfeit and/or Infringing Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' apparel products emanate or originate with Louis Vuitton, that Defendants' products are Louis Vuitton products, or that Louis Vuitton has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Products.

70.     Through their unauthorized use of copies of the LV Design Trademark, Defendants are unfairly benefiting from Louis Vuitton's advertising and promotion of the LV Design Trademark.  This has resulted in substantial and irreparable injury to the public, Louis Vuitton, the LV Design Trademark, and Louis Vuitton's business reputation and goodwill.

71.     Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

72.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the LV Design Trademark, unless restrained by this Court.

73.     Defendants' acts have caused, and will continue to cause, irreparable injury to

Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

74. Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**SIXTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**
**(FLOWER Design Trademarks)**

75. The allegations set forth in paragraphs 1 through 74 hereof are adopted and incorporated by reference as if fully set forth herein.

76. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

77. The FLOWER Design Trademarks are federally registered, and are distinctive and exclusively associated in the mind of the public with Louis Vuitton.

78. Defendants have willfully used the FLOWER Design Trademarks without Louis Vuitton's consent or authorization. Defendants' unauthorized use, including the promotion and sale of the Counterfeit and/or Infringing Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' apparel products emanate or originate with Louis Vuitton, that Defendants' products are Louis Vuitton products, or that Louis Vuitton has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Products.

79. Through their unauthorized use of copies of the FLOWER Design Trademarks, Defendants are unfairly benefiting from Louis Vuitton's advertising and promotion of the FLOWER Design Trademarks. This has resulted in substantial and irreparable injury to the

public, Louis Vuitton, the FLOWER Design Trademarks, and Louis Vuitton's business reputation and goodwill.

80.     Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

81.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the FLOWER Design Trademarks, unless restrained by this Court.

82.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

83.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## SEVENTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

84.     The allegations set forth in paragraphs 1 through 83 hereof are adopted and incorporated by reference as if fully set forth herein.

85.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and/or sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person to another person, or which is likely to cause confusion, mistake or deception as to the origin, source, sponsorship or approval of such goods.

86.     By making unauthorized use in interstate commerce of the Louis Vuitton Trademarks, Defendants have used false designations of origin and false representations in connection with the importation, distribution, advertising, promotion, offer for sale and/or sale of

goods that are likely to cause confusion, mistake or deception as to Defendants' affiliation or connection with Louis Vuitton, and as to the origin, sponsorship, association or approval of the Counterfeit and/or Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87.     Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

88.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**EIGHTH CLAIM FOR RELIEF**
**DILUTION (15 U.S.C. § 1125(c))**
**(TOILE MONOGRAM Design Trademark)**

89.     The allegations set forth in paragraphs 1 through 88 hereof are adopted and incorporated by reference as if fully set forth herein.

90.     The TOILE MONOGRAM Design Trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants adopted and began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Products.

91.     Defendants' manufacture, importation, distribution, supplying, advertising, promotion, offering for sale and/or sale of the Counterfeit and/or Infringing Products constitutes commercial use of the TOILE MONOGRAM Design Trademark, and Louis Vuitton has not authorized or licensed such use by Defendants.

92.     Defendants' Counterfeit and/or Infringing Products feature marks so similar to the famous TOILE MONOGRAM Design Trademark that they have impaired or are likely to impair in the minds of consumers the distinctiveness of the TOILE MONOGRAM Design Trademark.

Defendants' promotion and sale of the Counterfeit and/or Infringing Products thereby dilutes or is likely to dilute the distinctive qualities of the TOILE MONOGRAM Design Trademark and to lessen the capacity of such mark to uniquely identify and distinguish Louis Vuitton's goods.

93.     Defendants' unlawful use of carefully studied copies of the TOILE MONOGRAM Design Trademark in connection with inferior quality goods is also likely to tarnish the reputation of the TOILE MONOGRAM Design Trademark through unsavory or unflattering associations with those goods by consumers.

94.     By the acts described herein, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous TOILE MONOGRAM Design Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

95.     Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

96.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF
## DILUTION (15 U.S.C. § 1125(c))
## (LV Design Trademark)

97.     The allegations set forth in paragraphs 1 through 96 hereof are adopted and incorporated by reference as if fully set forth herein.

98.     The LV Design Trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants adopted and began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Products.

99.     Defendants' manufacture, importation, distribution, supplying, advertising,

promotion, offering for sale and/or sale of the Counterfeit and/or Infringing Products constitutes commercial use of the LV Design Trademark, and Louis Vuitton has not authorized or licensed such use by Defendants.

100.    Defendants' Counterfeit and/or Infringing Products feature marks so similar to the famous LV Design Trademark that they have impaired or are likely to impair in the minds of consumers the distinctiveness of the LV Design Trademark.  Defendants' promotion and sale of the Counterfeit and/or Infringing Products thereby dilutes or is likely to dilute the distinctive qualities of the LV Design Trademark and to lessen the capacity of such mark to uniquely identify and distinguish Louis Vuitton's goods.

101.    Defendants' unlawful use of carefully studied copies of the LV Design Trademark in connection with inferior quality goods is also likely to tarnish the reputation of the LV Design Trademark through unsavory or unflattering associations with those goods by consumers.

102.    By the acts described herein, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous LV Design Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

103.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

104.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**TENTH CLAIM FOR RELIEF**
**DILUTION (15 U.S.C. § 1125(c))**
**(FLOWER Design Trademarks)**

105.    The allegations set forth in paragraphs 1 through 104 hereof are adopted and incorporated by reference as if fully set forth herein.

106.    The FLOWER Design Trademarks are famous and distinctive within the meaning

of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before Defendants adopted and began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Products.

107.     Defendants' manufacture, importation, distribution, supplying, advertising, promotion, offering for sale and/or sale of the Counterfeit and/or Infringing Products constitutes commercial use of the FLOWER Design Trademarks, and Louis Vuitton has not authorized or licensed such use by Defendants.

108.     Defendants' Counterfeit and/or Infringing Products feature marks so similar to the famous FLOWER Design Trademarks that they have impaired or are likely to impair in the minds of consumers the distinctiveness of the FLOWER Design Trademarks.  Defendants' promotion and sale of the Counterfeit and/or Infringing Products thereby dilutes or is likely to dilute the distinctive qualities of the FLOWER Design Trademarks and to lessen the capacity of such marks to uniquely identify and distinguish Louis Vuitton's goods.

109.     Defendants' unlawful use of carefully studied copies of the FLOWER Design Trademarks in connection with inferior quality goods is also likely to tarnish the reputation of the FLOWER Design Trademarks through unsavory or unflattering associations with those goods by consumers.

110.     By the acts described herein, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous FLOWER Design Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

111.     Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

112.     Defendants' acts have caused, and will continue to cause, irreparable injury to

Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## ELEVENTH CLAIM FOR RELIEF
## DILUTION (N.Y. Gen. Bus. Law § 360-l)
## (TOILE MONOGRAM Design Trademark)

113.    The allegations set forth in paragraphs 1 through 112 hereof are adopted and incorporated by reference as if fully set forth herein.

114.    Louis Vuitton is the exclusive owner of the TOILE MONOGRAM Design Trademark nationwide, including in the State of New York.

115.    By virtue of its prominent, long and continuous use in commerce, including in the State of New York, the TOILE MONOGRAM Design Trademark has become and continues to be famous and distinctive.

116.    Consumers are likely to purchase Defendants' Counterfeit and/or Infringing Products in the erroneous belief that Defendants are associated with, sponsored by or otherwise affiliated with Louis Vuitton, or that Louis Vuitton is the source of the Counterfeit and/or Infringing Products.  Defendants' unauthorized use of copies of the TOILE MONOGRAM Design Trademark also blurs the distinctive qualities of the TOILE MONOGRAM Design Trademark and lessens the capacity of the TOILE MONOGRAM Design Trademark to identify and distinguish Louis Vuitton products.  Defendants' unauthorized use of copies of the TOILE MONOGRAM Design Trademark in connection with inferior goods is also likely to tarnish the reputation of the TOILE MONOGRAM Design Trademark.  All of these acts thereby decrease the value of the TOILE MONOGRAM Design Trademark as a unique and positive identifier of Louis Vuitton products.

117.    By the acts described herein, Defendants have diluted the distinctiveness of the TOILE MONOGRAM Design Trademark and have caused a likelihood of harm to Louis Vuitton's reputation in violation of Section 360-l of the New York General Business Law.

118.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

119.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**TWELFTH CLAIM FOR RELIEF**
**DILUTION (N.Y. Gen. Bus. Law § 360-l)**
**(LV Design Trademark)**

120.    The allegations set forth in paragraphs 1 through 119 hereof are adopted and incorporated by reference as if fully set forth herein.

121.    Louis Vuitton is the exclusive owner of the LV Design Trademark nationwide, including in the State of New York.

122.    By virtue of its prominent, long and continuous use in commerce, including in the State of New York, the LV Design Trademark has become and continues to be famous and distinctive.

123.    Consumers are likely to purchase Defendants' Counterfeit and/or Infringing Products in the erroneous belief that Defendants are associated with, sponsored by or otherwise affiliated with Louis Vuitton, or that Louis Vuitton is the source of the Counterfeit and/or Infringing Products.  Defendants' unauthorized use of copies of the LV Design Trademark also blurs the distinctive qualities of the LV Design Trademark and lessens the capacity of the LV Design Trademark to identify and distinguish Louis Vuitton products.  Defendants' unauthorized use of copies of the LV Design Trademark in connection with inferior goods is also likely to tarnish the reputation of the LV Design Trademark.  All of these acts thereby decrease the value of the LV Design Trademark as a unique and positive identifier of Louis Vuitton products.

124.    By the acts described herein, Defendants have diluted the distinctiveness of the LV Design Trademark and have caused a likelihood of harm to Louis Vuitton's reputation in

violation of Section 360-l of the New York General Business Law.

125.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

126.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**THIRTEENTH CLAIM FOR RELIEF**
**DILUTION (N.Y. Gen. Bus. Law § 360-l)**
**(FLOWER Design Trademarks)**

127.    The allegations set forth in paragraphs 1 through 126 hereof are adopted and incorporated by reference as if fully set forth herein.

128.    Louis Vuitton is the exclusive owner of the FLOWER Design Trademarks nationwide, including in the State of New York.

129.    By virtue of their prominent, long and continuous use in commerce, including in the State of New York, the FLOWER Design Trademarks have each become and continue to be famous and distinctive.

130.    Consumers are likely to purchase Defendants' Counterfeit and/or Infringing Products in the erroneous belief that Defendants are associated with, sponsored by or otherwise affiliated with Louis Vuitton, or that Louis Vuitton is the source of the Counterfeit and/or Infringing Products.  Defendants' unauthorized use of copies of the FLOWER Design Trademarks also blurs the distinctive qualities of the FLOWER Design Trademarks and lessens the capacity of the FLOWER Design Trademarks to identify and distinguish Louis Vuitton products.  Defendants' unauthorized use of copies of the FLOWER Design Trademarks in connection with inferior goods is also likely to tarnish the reputation of the FLOWER Design Trademarks.  All of these acts thereby decrease the value of the FLOWER Design Trademarks as unique and positive identifiers of Louis Vuitton products.

131.    By the acts described herein, Defendants have diluted the distinctiveness of the FLOWER Design Trademarks and have caused a likelihood of harm to Louis Vuitton's reputation in violation of Section 360-l of the New York General Business Law.

132.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

133.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**FOURTEENTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER COMMON LAW**
**(TOILE MONOGRAM Design Trademark)**

134.    The allegations set forth in paragraphs 1 through 133 hereof are adopted and incorporated by reference as if fully set forth herein.

135.    By the acts described herein, Defendants have intentionally infringed the TOILE MONOGRAM Design Trademark in violation of the common law of the State of New York.

136.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**FIFTEENTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER COMMON LAW**
**(LV Design Trademark)**

137.    The allegations set forth in paragraphs 1 through 136 hereof are adopted and incorporated by reference as if fully set forth herein.

138.    By the acts described herein, Defendants have intentionally infringed the LV Design Trademark in violation of the common law of the State of New York.

139.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

27

**SIXTEENTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER COMMON LAW**
**(FLOWER Design Trademarks)**

140.    The allegations set forth in paragraphs 1 through 139 hereof are adopted and incorporated by reference as if fully set forth herein.

141.    By the acts described herein, Defendants have intentionally infringed each of the FLOWER Design Trademarks in violation of the common law of the State of New York.

142.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**SEVENTEENTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER COMMON LAW**

143.    The allegations set forth in paragraphs 1 through 142 hereof are adopted and incorporated by reference as if fully set forth herein.

144.    By the acts described herein, Defendants have intentionally engaged in unfair competition with respect to Louis Vuitton in violation of the common law of the State of New York.

145.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Louis Vuitton demands judgment against Defendants as follows:

1.    For judgment that Defendants each:

   (a)    willfully counterfeited and infringed the TOILE MONOGRAM Design Trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

   (b)    willfully counterfeited and infringed the LV Design Trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(c)     willfully counterfeited and infringed each of the FLOWER Design Trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(d)     willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(e)     willfully diluted the TOILE MONOGRAM Design Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(f)     willfully diluted the LV Design Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(g)     willfully diluted each of the FLOWER Design Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(h)     willfully diluted the TOILE MONOGRAM Design Trademark in violation of Section 360-l of the New York General Business Law;

(i)     willfully diluted the LV Design Trademark in violation of Section 360-l of the New York General Business Law;

(j)     willfully diluted each of the FLOWER Design Trademarks in violation of Section 360-l of the New York General Business Law;

(k)     willfully infringed the TOILE MONOGRAM Design Trademark in violation of the common law of the State of New York;

(l)     willfully infringed the LV Design Trademark in violation of the common law of the State of New York;

(m)     willfully infringed each of the FLOWER Design Trademarks in violation of the common law of the State of New York; and

(n)     engaged in unfair competition as against Louis Vuitton in violation of the common law of the State of New York.

2.     That a preliminary and permanent injunction be issued enjoining and restraining

Defendants, and their respective officers, agents, servants, employees and attorneys, and all those

in active concert or participation with them, from:

(a)     using the TOILE MONOGRAM Design Trademark, or any reproduction, counterfeit, copy or colorable imitation of the TOILE MONOGRAM Design Trademark, on or in connection with any goods or services;

(b)     using the LV Design Trademark, or any reproduction, counterfeit, copy or colorable imitation of the LV Design Trademark, on or in connection with any goods or services;

(c)     using the FLOWER Design Trademarks, or any reproduction, counterfeit, copy or colorable imitation of any of the FLOWER Design Trademarks, on or in connection with any goods or services;

(d)     using any false designation or representation of origin in connection with the offering for sale or sale of goods, or any false description or representation, including words or other symbols, tending falsely to describe or represent Defendants as Louis Vuitton or associated or connected to Louis Vuitton, or Defendants' goods as being those of Louis Vuitton, or sponsored by or as being associated with Louis Vuitton, and from offering such goods in commerce;

(e)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the TOILE MONOGRAM Design Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(f)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the LV Design Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(g)     using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the FLOWER Design Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(h)     engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Louis Vuitton's business reputation or dilute the distinctive quality of the TOILE MONOGRAM Design Trademark;

(i)     engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Louis Vuitton's business reputation or dilute the distinctive quality of the LV Design Trademark;

(j)     engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Louis Vuitton's business reputation or dilute the distinctive quality of any of the FLOWER Design Trademarks;

(k)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, imported, distributed, advertised, promoted, offered for sale or sold by Defendants are in any manner associated or connected with Louis Vuitton, or that Defendants are Louis Vuitton or are associated with or connected to Louis Vuitton;

(l)    destroying, altering, removing or otherwise disposing of the unauthorized products or any books or any records which contain any information relating to the manufacture, production, importation, distribution, marketing, promotion, offering for sale and sale of products which infringe the Louis Vuitton Trademarks; and

(m)    effecting assignments or transfers, forming new entities or associations or utilizing any other devises for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs 2(a) through (l).

3.    For the entry of an order directing Defendants to deliver up for destruction to Louis Vuitton all products, advertisements, promotional materials and packaging in its possession or under its control bearing the Louis Vuitton Trademarks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, or any false designation of origin or false representation, and all plates, molds, matrices and other means of production of the same, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

4.    For an award to Louis Vuitton of (a) the damages suffered by Louis Vuitton arising out of Defendants' unlawful conduct, trebled, (b) all profits that Defendants realized from the unauthorized use of the Louis Vuitton Trademarks, (c) alternatively, statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 per mark, (d) its costs and attorneys' fees to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), (e) Defendants' profits, its damages and attorneys' fees, to the full extent available, pursuant to Section 360-l of the New York General Business Law and common law of the State of New York, and (f) punitive damages to the full extent available under the law.

5.    That Louis Vuitton be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

6.    That Louis Vuitton be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York                    ARNOLD & PORTER KAYE SCHOLER LLP
      November 7, 2018

                                      By:      /s/ Matthew T. Salzmann
                                              Louis S. Ederer
                                              Matthew T. Salzmann
                                            250 West 55th Street
                                              New York, New York 10019
                                            Phone (212) 836-8000
                                            Fax (212) 836-8689

                                            *Attorneys for Plaintiff*
                                            *Louis Vuitton Malletier, S.A.*